**DENIED and Opinion Filed April 24, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00476-CV**

**IN RE ELECTRONICS RESEARCH, INC. AND
E R I INSTALLATIONS, INC., Relators**

**Original Proceeding from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-24-00060-D**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relators' April 22, 2024 petition for writ of mandamus. Relators challenge the trial court's April 15, 2024 order wherein the trial court denied relators' Motion for Protection and granted real party in interest's Motion to Compel Jurisdictional Discovery Regarding Defendants' Special Appearance.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.

1992) (orig. proceeding). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

Here, relators filed an appendix with their petition and a separate mandamus record. But none of the documents relators included in their appendix and record is a sworn or certified copy as required by the Texas Rules of Appellate Procedure. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). We thus conclude relators failed to meet their burden to provide a sufficient record. In any event, even if relators cured this defect, we conclude that relators failed to demonstrate a clear abuse of discretion.

Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relators' April 22, 2024 motion for immediate temporary relief. We deny relators' motion as moot.

Additionally, relators' separately filed mandamus record contains unredacted sensitive data, including a minor's full birth date, in violation of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 9.9. Accordingly, we strike relators' separately

filed mandamus record.


240476F.P05

/Dennise Garcia/
DENNISE GARCIA
JUSTICE